IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13  PM 4: 51
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

YVONNE GOMEZ and DOMINIC BROWN, individually and as legal guardians of A.B., a minor,
                Plaintiffs,

-vs-

THE UNITED STATES OF AMERICA and ST. DAVID'S HEALTHCARE PARTNERSHIP, LP, LLP, d/b/a St. David's Round Rock Medical Center,
                Defendants.

Case No. A-14-CA-295-SS

**ORDER**

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant United States' Motion to Dismiss [#9], Plaintiffs' Response [#11], and Defendant United States' Reply [#12]; and Defendant United States' Motion to Stay Discovery in Part [#14], Plaintiffs' Response [#15], and Defendant United States' Reply [#19]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion to dismiss.

**Background**

Plaintiffs Yvonne Gomez and Dominic Brown brought this medical malpractice lawsuit in connection with the birth of their child, A.B. Gomez, who had been treated by Lone Star Circle of Care (LSCC) during her pregnancy, went to St. David's Medical Center—Round Rock on January 10, 2012, complaining of pain and decreased fetal movement. At the time, she was twenty-four

weeks and three-days pregnant. Plaintiffs allege Gomez was treated by nurses at St. David's apparently at the direction of Dr. Marcellus Pearce, but Plaintiffs contend Gomez was never actually seen by Dr. Pearce or any employee of LSCC. She was released from the hospital after tests were administered, and Gomez was determined to be dehydrated. Upon returning home, Gomez continued to feel pain and then she experienced a "gush of water." As Brown was escorting Gomez out of the house in order to go to the hospital, Gomez felt she was going to immediately give birth, and she did so on the sidewalk outside her home with the help of Brown and a neighbor. Ambulance personnel arrived minutes later and transported Gomez and her child to Seton Medical Center Williamson in Round Rock. The child was airlifted to Dell Children's Hospital shortly thereafter where she spent three months in an intensive care unit for multiple conditions. Plaintiffs allege A.B. has required extensive medical treatment since birth and will continue to require extensive treatment.

On March 5, 2014, Plaintiffs filed their lawsuit in state court against St. David's, Dr. Pearce, and LSCC, asserting St. David's nurses and Dr. Pearce, whom they allege was an employee of either St. David's or LSCC, were negligent in their treatment of Gomez. Plaintiffs contend they did not know at this juncture Dr. Pearce was a federal employee of LSCC, a federally supported health center covered by the Federal Tort Claims Act (FTCA). Plaintiffs claim they first learned this information on March 28, 2014, when opposing counsel informed them of these facts and the plan to remove the case to federal court. On March 31, 2014, Plaintiffs presented an administrative tort claim to the U.S. Department of Health and Human Services as required by the FTCA. Because Dr. Pearce treated Gomez as part of his employment with LSCC, the United States substituted itself as defendant in place of LSCC and R. Pearce, and removed the case to this Court on April 4, 2014.

A week later, Defendant United States filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing Plaintiffs have failed to exhaust their administrative remedies. Defendant also filed a motion to stay discovery pending this Court's resolution of the motion to dismiss. These motions are now ripe for the Court's consideration.

## Analysis

### I.     Rule 12(b)(1)—Legal Standard

Because federal courts have limited jurisdiction, a court must dismiss any case if it lacks subject-matter jurisdiction over the claims. FED. R. CIV. P. 12(b)(1); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). A party seeking to invoke federal jurisdiction bears the burden of demonstrating the exercise of that jurisdiction is proper. *Rivera-Sanchez v. Reno*, 198 F.3d 545, 546 (5th Cir. 1999). The court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A facial attack on a complaint requires the court to evaluate whether the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are to be taken as true; however, "a factual attack challenges the existence of subject-matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, may be considered." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

### II.    Application

#### A.     Plaintiffs can only sue the United States under the FTCA

When a plaintiff attempts to sue a federal employee under state law in state court for conduct within the scope of federal employment, the United States is substituted as a defendant under the

FTCA, and the case is removed to federal court. *See* 28 U.S.C. § 2679(d)(1)–(2). The suit also becomes an action against the United States under the FTCA, which is the "exclusive vehicle" for asserting state law tort claims against the United States. *See* 28 U.S.C. § 2679(d)(4); *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 251–52 (5th Cir. 2006) (en banc).

The Federally Supported Health Centers Assistance Act of 1995 (FSHCAA) extends the coverage of the FTCA to qualified, eligible community health centers and their employees. *See* 42 U.S.C. § 233(a), (g); *McLaurin v. United States*, 392 F.3d 774, 777 (5th Cir. 2004). Under the FSHCAA, the U.S. Public Health Service may deem qualified and eligible community health centers and their employees to be federal employees for purposes of the FTCA. *See id.* If the Public Health Service has done so, then the employee and the center have absolute immunity from personal-injury claims arising from performance of medical "or related" functions within the scope of employment. *See id.* Once the Attorney General (or his designee) has certified the center and its employee were acting within the scope of employment, personal-injury claims against the center and its employee are removed to federal court and become claims against the United States under the FTCA. *See* 42 U.S.C. § 233(c), (g); *McLaurin*, 392 F.3d at 777.

In this case, the Public Health Service has deemed LSCC eligible for coverage under the FTCA. *See* Def.'s Mot. Dismiss [#9-1], Ex. 1 (Torres Decl.), ¶ 5. Dr. Pearce was an employee of LSCC during the time period at issue in Plaintiffs' Petition. *See id.* ¶ 6; Def.'s Mot. Dismiss [#9-2], Ex. 2 (Pearce Decl.), ¶¶ 2-5; Notice of Removal [#1-1], Ex. 1, Part 1 (Orig. Pet.), ¶¶ 17, 33–34. Plaintiffs' claims against Dr. Pearce and LSCC concern the performance of medical and related functions — namely, the treatment provided to Plaintiff Gomez and the injuries to all three Plaintiffs that allegedly resulted. *See* Orig. Pet. ¶¶ 26-36. The Attorney General's designee has certified Dr.

Pearce and LSCC were acting within the scope of employment while performing these functions. *See* Notice of Removal [#1-3], Ex. 2 (Paniszczyn Certification). Therefore, Plaintiffs' suit can proceed, if at all, only as a suit against the United States under the FTCA.

B.  **Plaintiffs have not exhausted their administrative remedies under the FTCA**

The United States ordinarily has sovereign immunity from suit. *See In re Supreme Beef*, 468 F.3d at 251. The FTCA waives this immunity in part, but this waiver is "subject to strict limitations." *Id.* These limitations apply not only to actions originally brought under the FTCA but also to removed actions in which the United States has substituted itself as a defendant. *See McLaurin*, 392 F.3d at 776, 781–82. One limitation is the requirement a plaintiff present an administrative claim in writing to the appropriate federal agency before proceeding with a suit against the United States under the FTCA. *See* 28 U.S.C. § 2675(a). After presenting an administrative claim, a plaintiff must then wait until the agency has finally denied the claim or the passage of six months. *See id.* This requirement is jurisdictional and may not be waived or excused. *See Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995), *modified in part on reh'g*, 81 F.3d 520 (5th Cir. 1996). Because the requirement is jurisdictional, a plaintiff bears the burden of proving the requirement has been satisfied. *See In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 646 F.3d 185, 189 (5th Cir. 2011).

In this case, Plaintiffs fail to meet their burden because they have not complied with the requirements of 28 U.S.C. § 2675(a). Plaintiffs did not present an administrative claim to the appropriate federal agency—the Department of Human and Health Services—before they filed suit in state court on March 5, 2014. *See* Torres Decl., ¶ 4. Although Plaintiffs later presented an administrative claim on March 31, 2014, the agency has not yet denied it, and six months have not

yet passed. *See id.* Plaintiffs' suit cannot remain pending while they exhaust their administrative remedies; rather, their suit must be dismissed. *See McNeil v. United States*, 508 U.S. 106, 111–12 (1993); *Price*, 69 F.3d at 54.

Plaintiffs do not deny LSCC and Dr. Pearce were covered by the FTCA on January 10–11, 2012 nor do they deny they failed to satisfy the requirements of 28 U.S.C. § 2675(a) by timely filing an administrative claim. Instead they contend their failure should be excused because: (1) an administrative procedure would be futile; and (2) the issues to be decided are primarily legal and call for factual determinations. *See* Pls.' Resp. [#11], at 11. The Court finds both arguments unpersuasive.

First, the Court rejects Plaintiffs' futility argument. A court may "not read futility or other exceptions into statutory requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Fifth Circuit has rejected attempts to read excuses or exceptions into the strict requirements of 28 U.S.C. 2675(a). *Price*, 69 F.3d at 54. The FTCA is a waiver of sovereign immunity, so its provisions must be strictly construed and any ambiguities resolved in favor of the United States. *See McLaurin*, 392 F.3d at 780. Accordingly, courts have uniformly ruled there is no futility exception to the FTCA's requirement a claimant pursue administrative remedies before filing suit. *See In re Compl. of Ingram Barge Co.*, 351 F. App'x 842, 843 (5th Cir. 2009) (unpublished); *In re Katrina Canal Breaches Litig.*, 345 F. App'x 1, 4–5 (5th Cir. 2009) (unpublished); *accord Oksner v. Blakey*, 347 F. App'x 290, 292 (9th Cir. 2009) (unpublished); *Xiteng Liu v. U.S. Citizenship & Immigration Servs.*, 317 F. App'x 361, 362 (4th Cir. 2009) (unpublished); *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.

1994). Plaintiffs, therefore, cannot skip the administrative process because they believe it would be futile.

Second, the Court rejects Plaintiffs' argument failure to exhaust administrative remedies should be excused because the issues to be decided are primarily legal and call for factual determinations. For this principle, Plaintiffs cite *Ace Property and Casualty Ins. Co. v. Fed. Crop Ins. Corp.*, 440 F.2d 992 (8th Cir. 2006), which describes this exception as "extremely narrow." *Id.* at 1001. Moreover, Plaintiffs cite no cases where a court applied this exception to the FTCA. Such an exception makes little sense given the FTCA's clear statutory instructions that a claimant must begin by presenting a "tort claim" to "the appropriate federal agency." 28 U.S.C. §§ 2401(b), 2675(a). Congress specifically created this requirement to make it possible for the claim first to be considered by the agency whose employee's activity allegedly caused the damage and who would have the best information concerning the activity which gave rise to the claim. *McNeil*, 508 U.S. at 112 n.7.

Plaintiffs core concern revolves around their believe the United States intends to argue this lawsuit is barred by the statute of limitations. Plaintiffs predict:

> If this Court dismisses Plaintiffs' case, then Plaintiffs would move to remand the case against the non-federal defendant St. David's, wait six months for an inevitable administrative denial by the Department of Health and Human Services, refile their case against the federal defendants LSCC and Dr. Pearce, have their case re-removed by the non-federal defendant St. David's based on supplemental jurisdiction arguments, and then argue the statute of limitations issue broached by LSCC and Dr. Pearce. The entire process, at minimum, would take over six months and bring all the parties, including the Court, back to where we are today.

Pls.' Resp. [#11], at 12–13. Based on this peek into their crystal ball, Plaintiffs want the Court to excuse them from following the clear requirements of 28 U.S.C. § 2675(a) and proceed to addressing

-7-

the statute of limitations issue they are sure will inevitably confront the Court. The Court does not—indeed cannot—predict the future and finds Plaintiffs' argument insufficient to overcome Congress's clear instructions. While Plaintiffs may be correct about what lies ahead, the fact remains they must comply with exhaustion requirements like any other party. Just because they found out Dr. Pearce's status as a federal employee of a federally supported employer in LSCC late in the game and prematurely filed suit does not mean they get to bypass statutory predicates. The Supreme Court rejected the argument that the utility of the exhaustion requirement could be assessed case-by-case:

> Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straightforward statutory command.

*McNeil*, 508 U.S. at 112.

Therefore, it could not be more plain: Plaintiff must exhaust their administrative remedies before proceeding with their claims. While Plaintiffs urge the Court to address the speculative statute of limitations question, the Court has no jurisdiction to dispose of this matter. Such action would amount to an advisory opinion on an unripe issue. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 295 (5th Cir. 2006). Plaintiffs' hypothetical future suit against the United States may not occur at all. The Department of Health and Human Services still has the option to settle Plaintiffs' claims administratively. *See* 28 U.S.C. § 2672. After dismissal, Plaintiffs may proceed to discovery and learn facts that cause them not to

re-file claims, especially since Plaintiffs already concede that during the hospital visit in question, "Ms. Gomez was never seen by Dr. Marcellus Pearce . . . or any employee of Lone Star Circle of Care." Pls.' Resp. [#11], at 2. They may also decide, for any number of reasons, they prefer to proceed against the remaining defendant in state court. Because Plaintiffs may never file suit against the United States, this Court need not address now whether a hypothetical future suit is barred by the statute of limitations.

## Conclusion

Plaintiffs failed to exhaust their remedies pursuant to the FTCA, and consequently the Court lacks jurisdiction over Plaintiffs' claims against the United States. The Court, therefore, must dismiss those claims. Defendant United States also filed a motion to stay discovery until the Court ruled on the motion to dismiss. This motion no longer needs to be addressed.

The only remaining claims are state tort claims against St. David's Medical Center—Round Rock, a non-diverse defendant. Lacking jurisdiction over these claims, the Court REMANDS them back to state court for further proceedings consistent with this order. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (citing *United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004) (district courts have an "independent obligation to address [subject-matter jurisdiction] *sua sponte*") (internal quotation marks omitted)).

Accordingly,

    IT IS ORDERED that Defendant United States' Motion to Dismiss [#9] is GRANTED;

    IT IS FURTHER ORDERED that Plaintiffs claims against Defendant United States are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that Defendant United States' Motion to Stay Discovery in Part [#14] is DISMISSED as moot;

IT IS FURTHER ORDERED that the Plaintiffs' claims against St. David's Healthcare Partnership, L.P., are REMANDED to the 200th Judicial District Court of Travis County, Texas;

IT IS FINALLY ORDERED that the Clerk of Court shall provide a certified copy of this order to the Clerk of the 200th Judicial District Court of Travis County, Texas.

SIGNED this the 13th day of June 2014.

／Bamsparks／
SAM SPARKS
UNITED STATES DISTRICT JUDGE